**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:07-CR-26-2** |
| | § | |
| **ALEXA RAE RICHMOND** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 23, 2011, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Alexa Rae Richmond. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony on October 30, 2007. The offense carried a statutory maximum imprisonment term of twenty years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. On October 30, 2007, District Court Judge Michael Schneider of the Eastern District of Texas sentenced Defendant to 23 months imprisonment to be followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include access to any requested financial information, drug abuse treatment and testing, and mental health treatment. On January 22, 2009, Defendant completed her period of imprisonment and began service of the supervision term.

In its petition, the government alleges that Defendant violated her conditions of supervised release by testing positive for amphetamine/methamphetamine on December 10, 2010 and December 14, 2010, a Grade B violation. The government also alleges that Defendant violated her conditions

of supervised release by associating with a felon, Marshal Kea, on June 12, 2011 and July 27, 2011; failing to notify the supervising officer of June 12, 2011 contact with a law enforcement officer and the July 27, 2011 arrest within 72 hours; and failure to attend scheduled mental health counseling sessions on April 25, June 3, June 6, July 25, and July 27, 2011, all Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant committed a Grade B or C violation, a statutory sentence of no more than 3 or 2 years of imprisonment, respectively, may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(1) and (2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade B or C violation allows the Court to revoke probation or supervised release. U.S.S.G. § 7B3.1(a)(1) and (2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 4 to 10 months and the imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the above-referenced conditions of supervision. The parties agreed on a sentence of time served (three months) plus one year supervised release subject to the standard conditions of release, plus additional conditions including four months incarceration in a halfway house, access to any requested financial information, drug abuse treatment and testing, and mental health treatment.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** Defendant Alexa Rae Richmond be credited for time served and immediately begin a one year supervised released term subject to the conditions above including a four month incarceration in a halfway house.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to Judge Michael Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of November, 2011.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE